1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lance Reberger, | Case No. 2:21-cv-01250-JAD-VCF |
| Plaintiff | |
| v. | **Order Granting in Part and Denying in Part Motion to Exclude Case from Mediation and Granting Application to Proceed *in Forma Pauperis*** |
| Michael Minev, et. al., | |
| Defendants | (ECF Nos. 1, 25) |

Plaintiff Lance Reberger brings this civil-rights lawsuit to redress constitutional violations he claims to have suffered while incarcerated at High Desert State Prison (HDSP). In screening Reberger's complaint, I allowed him to proceed on two Eighth Amendment deliberate-medical-indifference claims and granted him leave to amend some of his other claims.[1] I also deferred a decision on Reberger's application to proceed *in forma pauperis* (IFP).[2] When Reberger declined to file an amended complaint, Magistrate Judge Ferenbach stayed this case for 90 days and ordered that it be referred to the court's Inmate Early Mediation (IEM) Program.[3] Judge Ferenbach did not make a decision about Reberger's IFP status at that time.

Defendants now move to exclude this case from the IEM Program, deny Reberger's application for IFP status, and dismiss his claims with prejudice.[4] Reberger applies for IFP status and asks that "mediation be left open at a later date."[5] I deny defendants' requests to

---

[1] ECF No. 6 at 15–16.

[2] *Id.* at 16 n.84.

[3] ECF No. 19 at 2.

[4] ECF No. 25.

[5] ECF Nos. 1, 28.

1 | dismiss Reberger's claims and deny him IFP status because their motion for that relief is

2 | procedurally deficient.  But I do so without prejudice to defendants' ability to raise their

3 | arguments in new motions.  I grant defendants' request to remove this case from the IEM

4 | program.  And because Reberger has sufficiently pled that he was in imminent danger of serious

5 | physical injury when he filed his complaint, I grant his application for IFP status even though he

6 | had three prior lawsuits that were dismissed on grounds that they were frivolous or malicious or

7 | failed to state claims upon which relief may be granted.

8 | **I.      Defendants' motion for various relief [ECF No. 25]**

9 | Defendants move to exclude this case from the IEM Program, deny Reberger IFP status,

10 | and dismiss his claims with prejudice.[6]  Defendants' second and third requests are procedurally

11 | improper for two reasons.  First, they were filed in violation of Judge Ferenbach's order staying

12 | this case with limited exceptions.[7]  Second, defendants' motion isn't styled as one seeking

13 | dismissal or an evidentiary hearing on Reberger's imminent-danger allegations; it's entitled

14 | "Special Appearing Defendants' Motion to Exempt from Mediation."  Neither the caption of the

15 | motion nor the docket text alert the reader to the other relief requested in the motion.

16 | What these omissions mean is that defendants' motion does not comply with Nevada

17 | Local Rule IC 2-2(b), which says that if an electronically filed document has more than one

18 | purpose, "[f]or each type of relief requested or purpose of the document, a separate document

19 | must be filed and a separate event must be selected for that document."  As a result, the court did

20 | not give Reberger its standard notice of the motion under the requirements of *Rand v. Rowland*,

21 | 154 F.3d 952, 955–56 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th

22 | 
23 |

[6] ECF No. 25.

[7] *See* ECF No. 19 at 2–3 (staying the case except for Reberger's emergency motions and any party's motion to exclude it from the IEM Program).

1   Cir. 1988).  Because the court did not issue that notice, Reberger has not been properly alerted to

2   the fact that I could treat defendants' motion as one seeking summary judgment.  So I deny

3   defendants' request to dismiss Reberger's claims without prejudice to their ability to reurge that

4   request in a new, properly supported motion that complies with LR IC 2-2(b).  I also deny

5   defendants' request to deny Reberger IFP status for the same reason, but I address that request in

6   more detail later in this order.

7          I next consider defendants' request to remove this action from the IEM Program.[8]

8   Reberger opposes the request, asking "that mediation be left open at a later date."[9]  The IEM

9   Program's goal is to save resources by referring the parties in some prisoner civil-rights cases to

10  mediation early in a case.  The court, of course, may choose not to refer a case to mediation to

11  preserve limited judicial resources.  Reberger has filed three emergency motions for injunctive

12  relief in this case, all of which have been set for oral argument.[10]  Given the procedural posture

13  of this case and the court's limited resources, I determine that it would not be a productive use of

14  the court's resources to set this case for a mediation session at this time.  I therefore grant

15  defendants' request to exclude this case from the IEM Program.

16  **II.     Reberger's application for, and defendants' motion against, IFP status [ECF No. 1]**

17          **A.     Legal standard**

18          "IFP status is not a constitutional right."[11]  "Congress created [it] to assist indigent

19  persons in bringing legitimate claims in the late 1800s."[12]  Because "IFP status is not

20

---

21  [8] *Id.* at 4.

     [9] ECF No. 28 at 4.

22
     [10] ECF Nos. 2, 5, 35 (motions); ECF Nos. 14, 21, 35 (orders setting hearing).

23  [11] *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999).

     [12] *Id.*

constitutionally mandated[,]" [it] can be extended or limited by Congress."[13]  Congress in fact

limited that status when it enacted the 28 U.S.C. § 1915, the filing-fee provision of the Prison

Litigation Reform Act (PLRA).

"[N]icknamed the 'three-strikes rule,'" § 1915(g) of the PLRA makes IFP status

unavailable if a prisoner has "'on 3 or more prior occasions, while incarcerated or detained in

any facility, brought an action or appeal in any court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted.'"[14]  The rule's purpose is to "preclude[ ] prisoners with a history of abusing the legal

system from continuing to abuse it while enjoying IFP status.  Although prisoners are entitled to

meaningful access to the courts, courts are not obliged to be a playground where prisoners with

nothing better to do continuously file frivolous claims."[15]  "Only after demonstrating an inability

to function within the judicial system is an indigent inmate asked to pay for access to the

courts."[16]

The Ninth Circuit fleshed out in *Andrews v. King* how the three-strikes rule applies.  The

court explained that "although prisoners must demonstrate that they are not able to pay the filing

fee with an affidavit and submission of their prison trust records, Congress did not require

prisoners to declare that § 1915(g) does not bar their request to proceed IFP."[17]  But, the Ninth

Circuit held, "if defendants challenge a prisoner-plaintiff's IFP status, then the initial production

---

[13] *Id.*

[14] *Andrews v. Cervantes*, 493 F.3d 1047, 1049 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)).

[15] *Rodriguez*, 169 F.3d at 1180.

[16] *Id.*

[17] *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

burden rests with the defendants."[18]  In that circumstance, "the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were frivolous, malicious[,] or failed to state a claim."[19]  "[T]he burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike."[20]

But this rule is not a complete bar to IFP status for prisoners who have three prior strikes. Baked into the rule is an exception for cases in which "the prisoner is under imminent danger of serious physical injury."[21]  The Ninth Circuit explained in *Andrews v. Cervantes* that "the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later date."[22]  Because the three-strikes rule is merely "a screening device that does not judge the merits of [a prisoner's] lawsuit[,]" if a prisoner plausibly alleges that he is in imminent danger of serious physical injury, then the district court must accept the prisoner's lawsuit without demanding an upfront payment of the filing fee.[23]

### B.    Analysis

Based on the financial information provided, I find that Reberger is indigent and cannot afford to prepay the filing fee in this action.[24]  Ordinarily, this finding would qualify Reberger

---

[18] *Id.* at 1120.

[19] *Id.* (internal quotation and brackets omitted).

[20] *Id.*

[21] 28 U.S.C. § 1915(g).

[22] *Cervantes*, 493 F.3d at 1053.

[23] *Id.* at 1050, 1055.

[24] *See* ECF No. 1.

for IFP status.  But Reberger has accumulated three prior strikes under the PLRA.[25]  So before I can accord Reberger IFP status, I must determine that the imminent-danger exception applies.

Reberger alleges that he is HIV positive and takes protease-inhibiting medications to thwart the development of acquired immunodeficiency syndrome (AIDS).[26]  Because defendants routinely fail to timely order Reberger's medications, he has gone "one week out of each month" without his HIV medications, and this occurred for many months.[27]  Reberger alleges that inconsistently medicating his HIV infection has caused it to progress into AIDS.[28]  Reberger's symptoms now include pain in his knees, back, liver, and kidneys and blood blisters on his tongue.[29]  Defendants have prevented Reberger from seeing an HIV specialist who comes to the prison and have not routinely drawn his blood to monitor his condition.[30]

Reberger's allegations that his condition has progressed to AIDS and his symptoms have worsened, if true, "more than plausibly raise the specter of serious physical injury."[31]  HIV and AIDS "quite obviously cause serious health problems and can result in death."[32]  And Reberger's allegation that the failure to monitor and treat his condition is ongoing meets the "imminent

---

[25] *Reberger v. Baker*, 657 Fed. App'x 681, 683–84 (9th Cir. 2016) (unpublished).

[26] ECF No. 7 at 5.

[27] *Id.*

[28] *Id.* at 6.

[29] *Id.*

[30] *Id.* at 7.

[31] *Cf. Cervantes*, 493 F.3d at 1055 (tense altered) (finding allegations that inmate is "at risk of contracting HIV or hepatitis C" plausibly allege serious physical injury).

[32] *Cf. id.* (referring to HIV and hepatitis C) (comma omitted).

1  danger" prong of the exception.[33]  So it would seem that Reberger has plausibly alleged that he

2  was in imminent danger of serious physical injury when he filed his complaint.

3          Defendants disagree, arguing that "Reberger himself acknowledges that there is no

4  imminent threat by requesting a 45-day extension to file a reply" in support of his emergency

5  motion for injunctive relief and did not complain about the date that Judge Ferenbach set to hear

6  oral argument on that motion.[34]  These arguments miss the mark because they concern events

7  that occurred after the complaint was filed, not the conditions that Reberger alleges existed when

8  he filed his complaint.  I therefore disregard these irrelevant points.

9          Defendants also argue that the evidence—medical records defendants produced and a

10  declaration from their medical expert—"irrefutably establishes no danger of serious physical

11  injury because Reberger's current regimen is effective."[35]  "Reberger is a lay witness with no

12  medical training sufficient to contradict these medical facts."[36]  "Without contrary medical

13  evidence," defendants continue, "Reberger should not be granted *in forma pauperis* status, he

14  should be forced to pay the filing fee, and this Court should not proceed any further in this case

15  until such requirements are met."[37]  But defendants don't provide any authority stating that they

16  can mount an evidentiary challenge to Reberger's imminent-danger allegations.

17          The Ninth Circuit has not yet held that a defendant can challenge a prisoner's imminent-

18  danger allegations or a district court's determination that those allegations are plausible.  Given

19

---

20  [33] *See id.* at 1056 (explaining that "imminent" "does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's
21  head").

22  [34] ECF No. 25 at 5.

[35] *Id.*

23  [36] *Id.*

[37] *Id.*

1 the Ninth Circuit's statements in *King* and *Cervantes*, I doubt it would require, as defendants

2 suggest in their motion, that an indigent prisoner-plaintiff produce "contrary medical evidence"

3 at this threshold stage of a case[38] to get past the three-strikes "screening device." In any event,

4 several other circuit courts have addressed this issue. The standard distilled from those courts

5 focuses on the credibility of the prisoner's imminent-danger allegations, rather than the full-

6 blown merits dispute defendants envision.

7       The Second Circuit recounted in *Shepherd v. Annucci* that four of its sister courts "have

8 held that district courts—upon challenge by a defendant—may conduct a narrow evidentiary

9 inquiry into the prisoner-litigant's fear of imminent danger."[39] The Second Circuit "agree[d] that

10 courts may reexamine a provisional determination that a complainant is in 'imminent danger of

11 serious physical injury' when, after being served with the complaint, a defendant challenges that

12 determination."[40] It also rationalized that nothing in the Ninth Circuit's decision in *Cervantes*

13 "purports to say . . . that defendants cannot mount a limited factual challenge to a district court's

14 provisional determination that a prisoner satisfies the imminent-danger exception, or that district

15 court's hands are tied in resolving this conflict."[41] According to the Second Circuit, "*Andrews*

16

17

---

18 [38] Although I already screened Reberger's complaint, this case is still in its infancy because
Judge Ferenbach stayed it pending possible mediation under the court's IEM Program, and the
19 court has not yet ordered formal service of the complaint on any defendant.

20 [39] *Shepherd v. Annucci*, 921 F.3d 89, 94–95 (2d Cir. 2019) (citing cases from Fourth, Seventh,
Tenth, and Third Circuits).

21 [40] *Id.* at 95.

22 [41] *Id.* at 95–96; *accord McLeod v. Sec., Fla. Dept. of Corr.*, 778 Fed. App'x 663, 665 (10th Cir.
2019) (unpublished) (citing *Shepherd* with approval for the proposition that "[o]nce a district
court has made an initial finding of imminent danger, it retains the authority to revisit that
23 determination and revoke IFP status when new evidence bearing on the IFP determination comes
to light").

1 only cautions—and [the court] agree[s]—that any such inquiry should be narrow" and "not

2 metastasize into a full-scale merits review."[42]

3       The Third Circuit similarly held in *Gibbs v. Roman* that "a complaint alleging imminent

4 danger—even if brought after the prior dismissal of three frivolous complaints—must be credited

5 as having satisfied the threshold criterion of § 1915(g) unless the 'imminent danger' element is

6 challenged."[43]  "If the defendant, after service, challenges the allegations of imminent danger,

7 . . . the district court must then determine whether the plaintiff's allegation of imminent danger is

8 credible" as of the date of the complaint in order to proceed IFP.[44]  Third Circuit instructed that

9 in making this determination, "the district court may rely upon evidence supplied by sworn

10 affidavits or depositions, or, alternatively, may hold a hearing."[45]

11       This discussion is merely academic because I have already denied defendants' request to

12 deny Reberger IFP status because their motion for that relief is procedurally deficient.  So I need

13 not and do not consider defendants' evidence in determining whether the imminent-danger

14 exception applies here.  I find that Reberger's allegations plausibly state that he was in imminent

15 danger of serious physical injury when he filed his complaint.  In fact, a panel of the Ninth

16 Circuit found that similar allegations by Reberger satisfied the imminent-danger exception. [46]  I

17 _____

18 [42] *Shepherd*, 921 F.3d at 96 (internal quotation omitted).

[43] *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997), *overruled in part by Abdul-Akbar v.*
19 *McKelvie*, 293 F.3d 307, 312 (3d Cir. 2001) (overruling the part of *Gibbs* finding that the
imminent danger faced by the prisoner must be at the time of the alleged incident and holding
20 that, like in the Ninth Circuit, imminent danger is determined "at the time the complaint is
filed").

21 [44] *Id.*

[45] *Id.*
22

[46] *See Reberger v. Dzurenda*, 816 Fed. App'x 173, 173–74 (9th Cir. 2020) (unpublished) (finding
23 Reberger's allegations that "prolonged isolation in administrative segregation is causing him
physical injuries, he is unable to access his HIV mediation as prescribed, and his water is

1   therefore grant Reberger's application to proceed IFP.  But to be clear, I do not resolve whether

2   defendants can challenge Reberger's IFP status, now that it has been accorded, with evidence to

3   show that his imminent-danger allegations are not credible.  If defendants wish to raise that

4   issue, they must do so in a new, properly supported motion.

5   **III.     Conclusion**

6          IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* **[ECF**

7   **No. 1] is GRANTED**.  This status doesn't relieve Reberger of his obligation to pay the full $350

8   filing fee under the statute; it just means that he can do it in installments.  And the full $350

9   filing fee will remain due and owing even if this case gets dismissed or is otherwise

10  unsuccessful.

11         To ensure that the Reberger pays the full filing fee, IT IS FURTHER ORDERED that the

12  Nevada Department of Corrections must pay to the Clerk of the United States District Court,

13  District of Nevada, 20% of the preceding month's deposits to the account of

14  **Lance Reberger, #39494** (in months that the account exceeds $10) until the full $350 filing fee

15  has been paid for this action.

16         IT IS FURTHER ORDERED that defendants' motion to exclude this case from the IEM

17  Program and for other relief **[ECF No. 25] is GRANTED IN PART**:

18         •       This case is excluded from the IEM Program;

19         •       Defendants' request to dismiss Reberger's claims is **DENIED WITHOUT**

20                 **PREJUDICE** to their ability to reurge that request in a new, properly supported

21                 motion that complies with the court's local rules; and

22

23

---

contaminated with chemicals and is undrinkable" are "sufficient to satisfy the 'imminent danger'
exception").

10

- Defendants' request to deny Reberger's application for IFP status is **DENIED**.

**IT IS FURTHER ORDERED that:**

- Service must be perfected within 90 days from the date of this order as required under Federal Civil Procedure Rule 4(m);

- Subject to the findings of the screening orders (ECF Nos. 6, 19), within 21 days of the date of entry of this order, the Attorney General's Office must file a notice advising the court and Reberger whether it accepts service on behalf of the defendants. If the Attorney General's Office cannot accept service on behalf of any defendant, the Office must file under seal, but must not serve the inmate Reberger, with the defendant's last known address. If the defendant's last known address is a post office box, the Attorney General's Office must attempt to obtain and provide the defendant's last known physical address;

- If service cannot be accepted for a defendant, Reberger must file a motion requesting issuance of a summons and specifying a full name and address for the defendant. If the Attorney General has not provided last-known-address information, Reberger must provide the full name and address for the defendant;

- If the Attorney General accepts service of process for any defendant, that defendant must file and serve an answer or other response to the complaint (ECF No. 7) within 60 days from the date of this order; and

- Reberger must serve upon defendant or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Reberger electronically files a document with the court's electronic-filing system, no certificate of service

is required.[47]  However, if Reberger mails the document to the court, he must include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendant or counsel for the defendant.  If counsel has entered a notice of appearance, Reberger must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

IT IS FURTHER ORDERED that **the stay of this action is LIFTED.**

Finally, the Clerk of Court is directed to

- **SEND** a copy of this order (1) to the Finance Division of the Clerk's Office and (2) to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702; and

- **SERVE** a copy of this order and a copy of Reberger's complaint (ECF No. 7) on the Office of the Attorney General of the State of Nevada, which has already been added to the docket sheet.  This does not indicate acceptance of service.

Dated: February 14, 2022

_____
U.S. District Judge Jennifer A. Dorsey

---

[47] Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.