UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lance Reberger,<br><br>    Plaintiff<br><br>v.<br><br>Michael Minev, et al.,<br><br>    Defendants | Case No.: 2:21-cv-01250-JAD-VCF<br><br>**Order Overruling Objections to and Adopting Report and Recommendation; Granting in Part Motions for Preliminary Injunction; Denying Motions for Preliminary Injunction and to Dismiss**<br><br>[ECF Nos. 2, 5, 34, 43, 45, 46, 51, 52, 54, 61] |

    Incarcerated plaintiff Lance Reberger brings this action under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights by denying him medical care for human immunodeficiency virus (HIV).  Last year, I screened Reberger's complaint under 28 U.S.C. § 1915A and allowed his Eighth Amendment claims to proceed for the defendants' failure to timely order his HIV medication, draw blood as ordered by a medical provider, and allow him consultation with an HIV specialist.  By that order, I also directed defendants to respond to his many emergency motions for a preliminary injunction.  Once the matter was briefed, the magistrate judge held a hearing and now recommends that I grant limited injunctive relief and order the defendants to resume Reberger's regular HIV-medication regimen.  Reberger objects to the report and recommendation (R&R) only because it does not set a specific, accelerated timeline for the resumption of that regimen.  He now moves twice for a preliminary injunction requesting specific medications, and the defendants move to dismiss his complaint as frivolous. I deny all three motions because Reberger has not established that he's entitled to the relief he requests, and the defendants haven't shown that Reberger's complaint is frivolous.

Discussion[1]

I.     The magistrate judge's R&R [ECF No. 46]

Reberger's numerous preliminary-injunction motions request many different forms of relief, which are better separated into three categories: (1) resumption of a regular course of HIV medication; (2) a specific HIV medication, Descovy; and (3) blood testing and HIV-specialist visits.[2] The magistrate judge recommends that I grant the first category of relief and deny the second and third.[3] Reberger offers objections to the first category only, and only to the extent that the magistrate judge did not recommend ordering defendants to act within 24 hours of the hearing.[4] Because I need only review an R&R to the extent an objection is raised,[5] and Reberger failed to object to the recommendation to deny his motions for injunctive relief in the form of the second and third categories, I find the magistrate judge's reasoning meritorious, adopt the relevant portion of the R&R, and deny Reberger that relief. And because Reberger's objection to the magistrate judge's recommendation regarding the first category—requesting a one-day turnaround for his medication—is both impractical and not supported by any law or evidence,[6] I overrule it and adopt the R&R in full. I thus grant Reberger's injunctive-relief motion in part and order defendants to place him on an effective and regularized HIV-medication regimen without delay.

---

[1] The parties are familiar with the material facts of this case, so I do not repeat them here. *See* ECF No. 6 (screening order).

[2] ECF No. 2; ECF No. 34; ECF No. 43; ECF No. 45.

[3] ECF No. 46.

[4] ECF No. 53; ECF No. 54.

[5] *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[6] ECF No. 53; ECF No. 54.

## II. The remaining preliminary-injunction motions [ECF Nos. 52, 61]

Reberger's two most recent injunctive-relief motions, filed after the magistrate judge's hearing and R&R, both fall into the second category because they request that Reberger be given a specific HIV medication, Descovy.[7] But judges are not doctors, and courts are not clinics. As long as defendants treat Reberger's condition effectively and promptly in accordance with the injunction I issue by this order, it is up to the medical professionals treating him to decide which HIV medications he receives. And even if it were prudent for this court to order such relief, Reberger has not met the demanding requirements set by the Supreme Court—or even the less-exacting standard recognized by the Ninth Circuit—to obtain the "extraordinary remedy" of such injunctive relief.[8] Neither of Reberger's motions addresses those requirements, so I deny them.

## III. Defendants' motion to dismiss [ECF No. 51]

Defendants move to dismiss Reberger's complaint as frivolous because his medical record shows there weren't "unreasonable delays" in his medication regimen; rather, without citing to any evidence of Reberger's intent, his doctor's declaration asserts that the "record . . . reveals" that Reberger sought "to alter his lab results" and "manipulate his treatment" by skipping doses.[9] Reberger conceded to the magistrate judge that he skipped his medication when he felt it was ineffective or making him ill, but that he has since requested it and promises to take it as prescribed; yet defendants haven't provided it to him.[10] But beyond the doctor's bald speculation, there is nothing apparent in the record that would indicate Reberger's conscious

---

[7] ECF No. 52; ECF No. 61.

[8] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted)

[9] ECF No. 51; ECF No. 9-2 at ¶ 16.

[10] ECF No. 46.

3

manipulation of lab results or treatment, and defendants have not directed the court's attention otherwise. And at the very least, there is sufficient record evidence to conclude that Reberger's medication regimen is in need of regularization, belying the notion that his complaint is frivolous. I thus deny the motion to dismiss.

### Conclusion

IT IS THEREFORE ORDERED that plaintiff Lance Reberger's objections **[ECF Nos. 53, 54] are OVERRULED**; the magistrate judge's report and recommendation **[ECF No. 46] is ACCEPTED AND ADOPTED**; Reberger's motions for a preliminary injunction **[ECF Nos. 2, 5, 34] are DENIED**; and Reberger's motions for a preliminary injunction **[ECF No. 43, 45] are GRANTED IN PART and DENIED IN PART**. Defendants are ordered to promptly place Reberger on a regular regimen of HIV medication, subject to monitoring, adjustment, and as necessary, substitution, by NDOC medical staff and their externally contracted clinicians. A regular regimen includes, but is not limited to, any medication ordered and provided to Reberger on time, without missed doses or delay, that effectively treats his condition. **Defendants must file a status report with this court by April 30, 2022, under seal, with a declaration demonstrating that Reberger is receiving a regular regimen of medication for his HIV**.

IT IS FURTHER ORDERED that Reberger's motions for a preliminary injunction **[ECF Nos. 52, 61] are DENIED**.

IT IS FURTHER ORDERED that defendants' motion to dismiss complaint as frivolous **[ECF No. 51] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
March 25, 2022