1

2                          UNITED STATES DISTRICT COURT

3                                DISTRICT OF NEVADA

4

5    LANCE REBERGER,                              Case No. 2:21-cv-01250-CDS-VCF

6                            Plaintiff,           ORDER

7          v.

8    MICHAEL MINEV, et al.,

9
                             Defendants.
10

11

12         Incarcerated Plaintiff Lance Reberger brings this action under 42 U.S.C. § 1983, alleging

13   that prison officials violated his constitutional rights by denying him medical care for human

14   immunodeficiency virus (HIV).  Plaintiff Reberger has filed a number of motions he asserts are

15   "emergency motions," and Defendants have filed a motion for sanctions based on vexatious

16   litigation. I now issue this Order resolving all pending motions.

17         A.  Relevant Procedural History

18         In 2021, Judge Jennifer A. Dorsey screened Reberger's complaint under 28 U.S.C. § 1915A

19   and allowed his Eighth Amendment claims to proceed for the Defendants' alleged failure to

20   timely order his HIV medication, draw blood as ordered by a medical provider, and allow him

21   consultation with an HIV specialist. In the same Order, she directed Defendants to respond to

22   his many emergency motions for a preliminary injunction. Once the matter was briefed, the

23   Magistrate Judge held a hearing and recommended that Judge Dorsey grant limited injunctive

24   relief and order the Defendants to resume Reberger's regular HIV-medication regimen. *See*

25   Report and Recommendation at ECF No. 46. Reberger objected to the report and

26   recommendation (R&R) because it did not set a specific, accelerated timeline for the

27   resumption of that regimen. ECF Nos. 53, 54.

28

1    After objecting to the Magistrate Judge's R&R, Reberger filed two more preliminary

2    injunctions requesting, in sum, specific medications,[1] and the Defendants moved to dismiss his

3    complaint as frivolous.[2] Judge Dorsey issued an Order denying all three of the aforementioned

4    motions because Reberger failed to establish he was entitled to the relief he requested, and the

5    Defendants did not demonstrate that Reberger's complaint was frivolous.  ECF No. 63. In that

6    same Order, Judge Dorsey overruled Reberger's objections to the R&R, adopted and accepted

7    the Magistrate Judge's R&R, thereby denying three additional motions for preliminary

8    injunctions[3] filed by Reberger, granting in part and denied in part two other motions for

9    preliminary injunctions[4], and finally denying two additional motions for preliminary

10   injunctions.[5]  *Id.*  The Order provided specific requirements for the Defendants to promptly place

11   Reberger on a regular regimen of HIV medication. *See id.* at 4.

12    After Judge Dorsey issued her Order, Reberger filed three additional motions.[6]

13   Defendants filed a timely opposition to Reberger's pending motions docketed at ECF Nos. 62,

14   64, 65, 66.[7] Defendants also filed a motion for leave to file exhibits A, B, and D, attached to ECF

15   Nos. 67, 68, 69, and 74, under seal (*See* ECF No. 70[8]), and a motion for sanctions for vexatious

16   litigation. ECF No. 74.[9] On April 13, 2022, I was reassigned this case. ECF No. 75.  Thereafter,

17   the Plaintiff filed two emergency motions for preliminary injunction.[10]

18

---

19   [1] ECF Nos. 52, 61.
     [2] ECF No. 51.
20   [3] ECF Nos. 2, 5, 34.
     [4] ECF Nos. 43, 45.
21   [5] ECF No. 52, 61.
     [6] ECF Nos. 64, 65, 66.
22   [7] *See* ECF Nos. 67, 68, 69, and 73. It is the same response for each response, filed 4 separate times. For ease
     of resolving the pending motions, I will only cite to ECF No. 67 when addressing Defendants' opposition
23   and Defendants' motion for sanctions for vexatious litigation.
     [8] The motion to seal (ECF No. 70) is GRANTED.  I also order that the Defendants mail Reberger the letter
24   advising him that the records are available for review upon request, as referenced in ECF No. 70 at 3, within
     14 days of this order.
25   [9] This motion is included in Defendants' oppositions to Plaintiff's motions filed at ECF Nos. 62, 64, 65, and
     66. It was docketed separately because it seeks additional relief. Defendants are reminded to comply with
26   LR IC 2-2(b) that requires filers to file a document for each type of relief sought. *See* LR IC 2-2(b) ("separate
     documents must be filed for a response to a motion and a countermotion, with the appropriate event
27   selected for each document, rather than filing a response and a countermotion in one document").
     [10] ECF Nos. 84, 85.
28

**B.  Defendants' Motion for Sanctions (ECF No. 74) is Granted and Plaintiff's "Emergency Motions" (ECF Nos. 62, 65, 66, 84, and 85) are Denied**

Defendants argue that Reberger's multiple filings are repetitive, frivolous, harassing, and should be considered vexatious. *See generally* ECF No. 67 at 3-4; 8-10. The motion also asks this Court to enter an order that they only need to respond to motions deemed appropriate by the Court. Reberger did not file an opposition to the motion for sanctions.[11]

Defendants motion for sanctions highlights several issues and misleading aspects of Reberger's allegations that the HIV medicines and regimen prescribed by NDOC do not work. Reberger persists in filing motions for relief, raising the same or very similar allegations, yet at the same time, refuses to take the medication he is prescribed and to follow the recommendations of the medical providers at NDOC. In fact, Reberger's repetitive motions have been filed even after both District Court Judge Jennifer Dorsey and Magistrate Judge Cam Ferenbach have addressed the *same* or *very similar* concerns already raised by Reberger. I nonetheless reviewed and considered Reberger's motions, as well as the related filings.

As a threshold matter, I find that it is impossible to know if medicines prescribed by NDOC work or what, if any, side effects are caused by the medication (versus some other cause of any given ailment) because Reberger refuses to take the medication as prescribed.[12] Reberger's refusal to take the medication as prescribed calls into question his allegations that the medication has turned his skin yellow. *See* ECF Nos. 62 at 1; 64 at 2; 65 at 2; 66 at 2. A recent blood draw shows that the bilirubin level in his blood has actually gone down. *See* 71-2 at 2 (comparing March 2022 to October 2021). That blood draw also belies Reberger's allegations that he is not receiving blood draws.[13] The records provided by Defendants show he has received

---

[11] Plaintiff is reminded that Local Rule 7-2(d) provides that the "failure of an opposing party to file points and authorities in response to any motion...constitutes a consent to the granting of the motion." While this Court could find Plaintiff consented to this motion, it declines to do so at this time.

[12] *See also* ECF No. 71-1 [sealed] (forms refusing health care treatment and requesting other medications or blood draws); ECF No. 71-2 [sealed] (same); ECF No. 81-1 [sealed] at 3, ¶¶ 8-10 (affidavit discussing refusal to take prescribed medications); ECF No. 81-2 [sealed] (chart showing refusal to take medication); ECF No. 81-3 [sealed] (forms refusing health care treatment and requesting other medications or blood draws).

[13] *See generally* ECF Nos. 62 at 2; 64 at 4; 65 at 2.

1    at least 6 blood draws and tests since March of 2020. *See* ECF No. 71-3. Reberger is not a doctor

2    or medical professional. Therefore, Reberger needs to allow the medical professionals to carry

3    out their obligations. That includes conducting testing and the administration of medicine.

4          Reberger must be mindful of when it is appropriate to file "emergency motions." Local

5    Rule 7-4 addresses how and when emergency motions can be filed. LR 7-4. That rule sets forth

6    the procedure for resolving emergency disputes, and further notes that emergency motions

7    should be rare and that it is up to the Court to determine if any motion is, in fact, an emergency.

8    LR 7-4(a), (b), and (c). Based on the information before the Court, Reberger's refusal to take

9    medication he requests to address his medical concerns is not an emergency; rather it is a

10   conflict created solely by Reberger and his refusal to follow medical advice and to take the

11   prescribed medication. Reberger's refusal is also obstructing NDOC from carrying out the

12   instructions set forth in Judge Dorsey's March 25, 2022, Order (ECF No. 63), which I adopt in

13   full.

14          Given the issues identified within the Reberger's filings, I grant Defendants' request that

15   this Court issue a standing order that it need only respond to a motion filed by the Plaintiff

16   when so ordered by the Court.[14] This order only applies to non-dispositive motions. I also advise

17   Reberger that filing repetitive motions seeking relief for medical concerns, while refusing to take

18   the medications prescribed to address those same medical concerns, may render future motions

19   denied. In the alternative, I may consider striking duplicative or repetitive motions. Accordingly,

20   Defendants' motion for sanctions is GRANTED in accordance with this Order. The Court will

21   issue a minute order advising when Defendants need to respond to any future motions.

**Conclusion**

23          IT IS HEREBY ORDERED that Plaintiff's emergency motion for NDOC/HDSP to provide

24   HIV med invirase 1000mg with norvir 100mg as new NIV med reyataz has failed and needs to be

25   replaced **(ECF No. 62) is DENIED.**

26

---

27   [14] District courts have inherent power to control their dockets and may impose sanctions....in the exercise of that discretion. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir.1990) (citations omitted).

28

IT IS HEREBY FURTHER ORDERED that Plaintiff's amended emergency objection to the Report and Recommendation **(ECF No. 64) is OVERRULED.**

IT IS FURTHER ORDERED that Plaintiff's emergency motion for NDOC to provide HIV medicines and blood draws **(ECF No. 65) is DENIED.**

IT IS FURTHER ORDERED that Plaintiff's emergency motion for NDOC to provide HIV meds (specified) and to see HIV specialist **(ECF No. 66) is DENIED.**

IT IS FURTHER ORDERED that Defendants motion for leave to file exhibits under seal **(ECF No. 70) is GRANTED** as set forth in this Order.

IT IS FURTHER ORDERED that Defendants motion for sanctions **(ECF No. 74) is GRANTED.** Defendants need only respond to a motion filed by the Plaintiff when so ordered to do so by the Court. This order only applies to non-dispositive motions.

IT IS FURTHER ORDERED that Plaintiff's emergency motion for NDOC to provide HIV medication invirase 1000 MG alternatively reyataz/Opposition to status report **(ECF No. 84) is DENIED.**

IT IS FURTHER ORDERED that Plaintiff's emergency motion for NDOC to provide HIV medications invirase 1000MG with norvir 100 MG for effective HIV treatment alternatively reyataz **(ECF No. 85) is DENIED.**

IT IS SO ORDERED.

DATED this 16th day of May, 2022.

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE