UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANCE REBERGER,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHAEL MINEV, et al.,<br><br>                    Defendants. | Case No. 2:21-cv-01250-CDS-VCF<br><br>ORDER STRIKING<br>ECF Nos. 105 AND 106 |

       Plaintiff Lance Reberger brings this action under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights by denying him medical care for human immunodeficiency virus (HIV). Based on the information before the Court, it appears Reberger has been released from custody. On August 3, 2022, Reberger filed a document containing an address in Las Vegas, Nevada, two case numbers, and the statement "Need docket first and last 2 pages." ECF Nos. 105; 106. The document contains no additional information. Plaintiff's filing was docketed as a "Motion for Copies," *see* ECF No. 106, and as a "Notice of Change of Address," *see* ECF No. 105.

       Reberger is reminded that although he is proceeding *pro se*, he must comply with the Federal Rules of Civil Procedure and the local rules of this court. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Local Rule IA 3-1 states:

> "An attorney or *pro se* party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. **The notification must include proof of service on each opposing party or the party's attorney.** Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."

LR IA 3-1 (emphasis added). Plaintiff's single page document does not include proof of service on each opposing party or the party's attorney and is therefore deficient. Accordingly, Plaintiff filing docketed as a "Notice for Change of Address" (ECF No. 105) is STRICKEN.

Plaintiff's request for a copy of the docket in this action also fails to comply with the local rules. Local Rule IA 7-1 requires that "[a]n attorney or pro se party must not send case-related correspondence, such as letters, emails, or facsimiles, to the court. All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties." LR IA 7-1(b). That same rule states the court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice. *Id.* Plaintiff's filing advising that he needs a copy of the docket in this case, and a second action, (ECF No. 106) does not comply with LR IA 7-1 and is therefore STRICKEN.

## Conclusion

For the reasons set forth herein,

IT IS HEREBY ORDERED that Plaintiff's Notice of Change of Address (ECF No. 105) is STRICKEN.

IT IS FURTHER ORDERED that Plaintiff's Motion for Copies (ECF No. 106) is STRICKEN.

IT IS SO ORDERED.

DATED this 5th day of August, 2022.

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE