UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Lance Reberger,

           Plaintiff

v.

Ben Gutierrez, et al.,

           Defendants

Case No. 2:21-cv-01250-CDS-VCF

**Order Granting Defendants' Motion for Summary Judgment, Denying Plaintiff's Motions to Amend Complaint and for Injunctive Relief, Granting Defendants' Motion to File Document Under Seal, and Denying Defendants' Motion for Sanctions**

[ECF Nos. 41, 88, 93, 95, 98]

      Pro se plaintiff Lance Reberger brings this § 1983 action against various prison officials, alleging that they delayed ordering his HIV medication while he was incarcerated at the High Desert State Prison. Throughout this litigation, he has repeatedly sought emergency injunctive relief—some of which has been granted to ensure his receipt of the necessary medication. As of this order's filing, he is no longer incarcerated. There are five pending motions in this matter. Reberger moves for leave to amend his complaint to add additional defendants. The existing defendants move for summary judgment, contending that Reberger did not exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) and that two of his grievances, while exhausted, did not address issues raised in his complaint. Despite obtaining multiple extensions to respond, Reberger has not filed an opposition to the defendants' summary-judgment motion. Reberger again moves for injunctive relief related to his medication, and in response, the defendants seek leave to file medical records under seal and move for sanctions against Reberger for his repeated attempts at obtaining injunctive relief.

       Because I find that Reberger failed to exhaust his administrative remedies as to two of his grievances and altogether failed to grieve other issues raised in his complaint, I grant the defendants' motion for summary judgment. I deny Reberger's request to amend his complaint

because amendment would be futile due to his underlying failure to exhaust, and I deny his motion for injunctive relief as moot because he is no longer incarcerated. I grant the defendants' motion for leave to file Reberger's medical records under seal and exercise my discretion to deny their request for sanctions. Lastly, I dismiss two defendants from the case under Federal Rule of Civil Procedure 4(m), as no proof of service has been filed for either of them. Because no claims or defendants remain, I direct the Clerk of Court to enter judgment accordingly and close this case.

I.   Legal standards

   A.   Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann*

*v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Federal Rule of Civil Procedure 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917; *see also* LR 7-2(d).

      B.     *Exhaustion of administrative remedies under the PLRA and AR 740*

"In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the Prison Litigation Reform Act of 1995 (PLRA)." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (citing 42 U.S.C. § 1997e). "To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit." *Id.* at 204. The PLRA's exhaustion provision states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

In Nevada, the remedies available to inmates are promulgated under Nevada Department of Corrections Administrative Regulation 740 (AR 740). ECF Nos. 88-1, 88-2.[1] AR 740's purpose is to "set forth the requirements and procedures of the administrative process that [NDOC] inmates must utilize to resolve addressable grievances and claims including . . . any [] tort or

---

[1] The defendants point out that because Reberger's grievances "cross over the effective periods of two different versions" of AR 740, "there are two applicable versions of AR 740." ECF No. 88 at 4 n.3. They also state that the difference between the two versions is negligible in this case because "the applicable and relevant portions of the procedures did not change across the two versions." *Id.* (citing ECF Nos. 88-1, 88-2 (both requiring informal, first-level, and second-level grievances to exhaust the administrative remedy)). I cite to the later adopted version (ECF No. 88-2) throughout this order but note that the relevant portions are identical in each version of AR 740.

civil rights claim relating to conditions of confinement." ECF No. 88-2 at 2. "An inmate whose grievance is denied in its entirety may appeal the grievance to the next level." *Id.* at 6. The grievance structure is essentially a multi-level dispute resolution mechanism, under which an inmate must satisfy each level's substantive and procedural requirements before filing a higher-level grievance. *See generally id.* It requires inmates to first pursue resolution via alternative means, "such as discussion with staff or submitting an inmate request form." *Id.* at 10. Once an inmate has exhausted alternative means, he may file an informal grievance. *Id.* If that fails to provide the requested relief, the inmate may file a first-level grievance, and if that fails, a second-level grievance. *Id.* at 12–15. An inmate exhausts his administrative remedies either after a denial of the second-level grievance, or "if the [g]rievance is '[g]ranted' at any level." *Id.* at 6.

## II.     Discussion

### A.     *Summary judgment is appropriate, as no genuine dispute of material fact exists [ECF No. 88].*

The defendants seek summary judgment on both of Reberger's Eighth Amendment deliberate-indifference claims because he did not exhaust his administrative remedies as required by the PLRA. ECF No. 88. They address each of the four relevant grievances in turn and discuss the reasons that each was not properly exhausted or is not remediable by the court because it addresses issues not raised in Reberger's complaint. Reberger twice sought—and obtained—deadline extensions by which he could file a response to the summary-judgment motion. ECF Nos. 90–92, 104, 107. He had until August 8, 2022, nearly five months ago, to file a response, but he failed to do so. ECF No. 107. To date, he has not filed any opposition to the defendants' motion for summary judgment. As discussed *supra*, I cannot enter summary judgment by default merely because Reberger failed to oppose the defendants' motion, but I may grant summary judgment if the motion and supporting evidence show that the defendants are entitled to it. *See Pinder v. Emp. Dev. Dep't*, 227 F. Supp. 3d 1123, 1135–36 (E.D. Cal. 2017) (collecting cases for the proposition that "a district court cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but[] rather must consider the merits of the

motion"). And I may consider undisputed the facts set forth in the defendants' motion, as long as the included evidence supports them.

### 1. Reberger failed to exhaust Grievances 03855 and 04895.[2]

Grievance 03855 concerned the frequency of Reberger's HIV-related blood draws. *See generally* ECF No. 88-3. He filed an informal grievance on June 25, 2020, requesting that he receive blood draws every three months, rather than every six months, as a medical provider ordered. *Id.* at 7–8. Reberger received a response to the informal grievance in August 2020, stating that he was still being seen for blood draws every three months; the informal grievance was denied. *Id.* at 6. Reberger then filed a first-level grievance about the same issue in September 2020, proffering similar arguments. *Id.* at 3–5. In October 2020, that first-level grievance was denied, and prison officials explained to Reberger that the prison was transitioning to a new hepatitis medical provider, which "will make it faster and easier for all." *Id.* at 2. There is no evidence that Reberger filed a second-level grievance about this issue. Because Reberger did not respond to the defendants' summary-judgment motion, I may consider the facts in their motion—and supporting documents—as undisputed. Finding no dispute that Reberger failed to file a second-level grievance for this issue, I conclude that he did not exhaust his administrative remedies for Grievance 03855.

Grievance 04895 concerned the dosage of HIV-related medication that night nurses were administering to him. *See generally* ECF No. 88-4. He filed an informal grievance about this issue on July 13, 2020, arguing that the night nurses were providing him with the incorrect doses of his HIV medications because of confusion surrounding the information on his "PM pill card." *Id.* at 2–3. Although they do not provide documentation showing how this grievance was resolved (such as a denial of the informal grievance), the defendants note that "[t]his grievance makes no mention of the issue raised in the compliant, which is that untimely orders created delays in

---

[2] Grievance 03855 is attached to the defendants' motion as Exhibit C (ECF No. 88-3) and Grievance 04895 as Exhibit D (ECF No. 88-4).

prescription refills and Reberger receiving medication." ECF No. 88 at 5. They continue that "Reberger abandoned this grievance after filing this informal grievance and never pursued a first[-]level or second[-]level appeal[,] as was required to exhaust this grievance." *Id.* Just as there is no genuine dispute that Reberger exhausted the administrative remedies for Grievance 03855, I find the same for Grievance 04895. Because Reberger has not demonstrated that he fulfilled the exhaustion requirement under the PLRA, he may not pursue this action as to either of those two grievances.

### 2. Reberger exhausted Grievances 72283 and 77452, but they involved issues that are not raised in the operative complaint.[3]

Grievances 72283 and 77452 both concerned his HIV-related medications, with the former complaining that the defendants changed his medication regime without his consent and the latter alleging that he was receiving the incorrect doses of his medication. *See generally* ECF No. 88-5; ECF No. 88-6. The defendants admit that Reberger administratively exhausted these issues by pursuing informal, first-level, and second-level grievances for both. ECF No. 88 at 5–6. Rather than arguing that Reberger failed to administratively exhaust these issues, the defendants contend that he "exhausted issues not raised in the complaint" and is thus barred from litigating those issues here. *Id.*

After screening, this court permitted Reberger to proceed on two Eighth Amendment deliberate-indifference claims: one for the alleged failure to timely order his HIV medications and the other for the alleged delay or denial of a blood draw ordered by a medical provider and the arbitrary cancellation of his HIV-specialist appointment. ECF No. 6. But neither Grievance 72283 nor 77452 concerns Reberger's two claims that were permitted to proceed after screening. While he did administratively exhaust both of these grievances, they pertained to issues that Reberger did not allege in his complaint (changes to his medication regime and incorrect dosing), rather than the central issue of this litigation, which was the prison's alleged delayed

---

[3] Grievance 72283 is attached to the defendants' motion as Exhibit E (ECF No. 88-5) and Grievance 77452 as Exhibit F (ECF No. 88-6).

ordering of his HIV medications. There is no genuine dispute that these grievances do not concern the same issues that Reberger alleged in his complaint. Summary judgment is thus appropriate on both Eighth Amendment claims as to all of the moving defendants.[4]

        B.        *Reberger may not amend his complaint because amendment would be futile [ECF No. 41].*

On February 23, 2022, Reberger moved for leave to amend his complaint in order to add several additional defendants to this lawsuit. ECF No. 41. The defendants timely opposed that request, proffering various arguments, including that amendment would be futile based on Reberger's underlying failure to exhaust his administrative remedies. ECF No. 50. A "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave should not be granted when there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Reberger makes no indication that he seeks to add additional claims or allegations about his exhaustion of his various grievances and apparently seeks only to include additional defendants in this action. Because I have already found that he failed to exhaust his administrative remedies as required by the PLRA, I agree with the defendants' assessment that amendment would be futile here. Even if I permitted Reberger to add other defendants to this litigation, such additions would not change the fact that Reberger cannot seek relief from this court because he did not first exhaust the grievance appeal process for each of the relevant grievances. So because amendment would be futile, I deny Reberger's motion to amend his complaint.

        C.        *Reberger's motion for injunctive relief is denied as moot [ECF No. 93].*

In July 2022, Reberger filed an emergency motion for injunctive relief, seeking a court order requiring the defendants to provide him with an HIV medication called BIKTARVY. ECF

---

[4] I address the two non-moving defendants (Laura LNU and Natalie Crawford) *infra* subsection F.

1  No. 93. The defendants rebut that "Reberger is receiving the medication as prescribed." ECF No.
2  96 at 9. Since filing this emergency motion, Reberger has repeatedly indicated that he was
3  released from custody in late July 2022. *See, e.g.*, ECF No. 104 at 1–2 (noting that he was approved
4  to be released on July 22, 2022); ECF No. 110 (indicating his change of address from the prison to
5  a private residence). By his own admission, Reberger is no longer in the custody of the Nevada
6  Department of Corrections.

"An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies . . ." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing *Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986)). Because the evidence before the court demonstrates that Reberger is not incarcerated anymore, I find moot his request for injunctive relief related to the medication that he was—or was not—receiving from prison officials. I therefore deny his emergency motion for injunctive relief.

D.  *The defendants' motion for leave to file medical records under seal is granted [ECF No. 95].*

The defendants include some of Reberger's medical records with their response to his emergency motion for injunctive relief. ECF No. 96-2. They seek to seal those records, and Reberger does not oppose that request. ECF No. 95. There is a "strong presumption" of public access to court documents. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome that presumption, the party seeking to seal a document must meet the compelling-reasons standard, demonstrating that there are compelling reasons—supported by specific factual findings—that outweigh the public's interest in accessing the documents. *Id.* at 1178–79 (citations omitted). The Ninth Circuit has repeatedly "recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Steven City Broomfield v. Aranas*, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (collecting cases).

The records that the defendants seek to maintain under seal include information about Reberger's medical history, diagnoses, and treatment. I find that the public's right of access to

such documents is outweighed by Reberger's privacy interest, which is a compelling reason to seal the records. I therefore grant the defendants' motion to seal Exhibit B (ECF No. 96-2) and direct the Clerk of Court to maintain the seal on that document.

   E.  *I exercise my discretion and deny the defendants' motion for sanctions [ECF No. 98].*

In their opposition to Reberger's emergency motion for injunctive relief, the defendants cross-move for sanctions against him, noting that Reberger has "inundated" this court with repetitive requests and that he attempted to mislead the court about his receipt of certain medications. ECF No. 98 at 2–3. Reberger responds that he has not misled the court and accuses the defendants of misunderstanding HIV. ECF No. 103.

The defendants address each of the *Winter* factors and contend that Reberger fails to demonstrate that injunctive relief is appropriate. ECF No. 98 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). They urge that sanctions are appropriate under Rule 11 and note that I already imposed first-level sanctions in similar circumstances, but that "[t]his clearly did not have an impact on Reberger's willingness to provide demonstrably false allegations to this [c]ourt." *Id.* at 10–11 (citing ECF No. 86). Under Rule 11(c), I have discretion to impose sanctions against Reberger for bringing motions for an improper purpose, such as harassment. Fed. R. Civ. P. 11(c). District courts have inherent power to control their dockets and may impose sanctions in the exercise of that power. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990) (cleaned up). And as the defendants point out, I already sanctioned Reberger by ordering that the defendants need not respond to Reberger's non-dispositive motions unless so ordered by the court. ECF No. 86 at 5. As I am granting summary judgment on all remaining claims and this case will be closed, I find the imposition of further sanctions unnecessary at this juncture and thus deny the defendants' motion for sanctions. ECF No. 98. But I caution Reberger that if he brings lawsuits in this court in the future, he must comply with this district's local rules and the Federal Rules of Civil Procedure, including the rules prohibiting harassing or frivolous motions.

F.  *I dismiss the two remaining defendants because proof of service has not been filed for either one.*

On November 21, 2022, this court issued a notice of intent to dismiss defendants Laura LNU and Natalie Crawford under Federal Rule of Civil Procedure 4(m) because proof of service had not been filed for either of them. ECF No. 112. The notice included the warning that "[f]ailure to comply with this notice may result in dismissal of the action without prejudice as to said parties." *Id.* And it set the dismissal deadline as December 21, 2022. *Id.* That date came and passed without any proof of service as to those two defendants being filed. Thus, under Rule 4(m), I dismiss defendants Laura LNU and Natalie Crawford from this case.

III.  Conclusion

IT IS THEREFORE ORDERED that the plaintiff's motion to amend/correct his complaint **[ECF No. 41] is DENIED** because amendment would be futile, and the plaintiff's emergency motion for injunctive relief **[ECF No. 93] is DENIED** as moot because the plaintiff is no longer incarcerated.

IT IS FURTHER ORDERED that the defendants' motion for leave to file the plaintiff's medical records under seal **[ECF No. 95] is GRANTED**, and the defendants' motion for sanctions **[ECF No. 98] is DENIED**. The Clerk of Court is directed to **MAINTAIN THE SEAL on ECF No. 97-1**.

IT IS FURTHER ORDERED that defendants Laura LNU and Natalie Crawford are dismissed from this case under Federal Rule of Civil Procedure 4(m) because proof of service was never filed as to either of them.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment **[ECF No. 88] is GRANTED**. The Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE.

DATED: December 30, 2022

_____
Cristina D. Silva
United States District Judge